IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Carolyn L. McKenzie, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:03-2908 |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Carolina Care Plan, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

In this Employee Retirement Income Security Act ("ERISA") action, the plaintiff sought coverage for a cochlear implant after the defendant insurance company denied coverage. The defendant, acting as both the insurer and the plan administrator, decided that a cochlear implant was excluded as a device that aids in communication and speech. This Court determined that the defendant abused its discretion in denying coverage and ordered the defendant to provide appropriate coverage for the plaintiff's cochlear implant.

On February 3, 2005, the plaintiff submitted a motion for attorney fees and costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and 29 U.S.C. § 1132(g)(1). On February 22, 2005, the defendant opposed the motion. On March 1, 2005, the plaintiff replied to the defendant's response. This matter is now before the Court for disposition.

The plaintiff requests total attorney fees of $15,300.00, representing 101.10 hours at $150.00 per hour plus $135.00 in expenses. The defendant opposes any award of attorney fees, and, in the alternative, requests a lesser award.

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee

and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Fourth Circuit has set forth the relevant factors that should be considered when determining whether to award attorney fees:

> (1) degree of opposing parties' culpability or bad faith;
> (2) ability of opposing parties to satisfy an award of attorneys' fees;
> (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.

Reinking v. Philadelphia American Life Ins. Co., 910 F.2d 1210, 1217-18 (4th Cir. 1990).

"This five factor approach is not a rigid test, but rather provides general guidelines for the district court in determining whether to grant a request for attorneys' fees." Quesinberry v. Life Ins. Co. of N. America, 987 F.2d 1017, 1029 (4th Cir. 1993). While none of the factors is necessarily decisive, together they help guide the court's determination. See id. In addition, the court should consider the remedial purposes of ERISA when making its decision. See id. at 1030. The award of attorney fees is completely within the court's discretion as there is no presumption in favor of granting fees to a prevailing party. See id. at 1029.

First, this Court found that the defendant's denial of coverage was unreasonable and constituted an abuse of discretion. While this action did turn on the interpretation of an ambiguous plan provision, this factor nevertheless supports an award of fees.

Second, there is no doubt that the defendant, a large health insurance company, has the ability to pay the award of attorney fees sought in this case.

Third, an award of attorney fees in this action serves to deter insurance companies from unreasonably interpreting plan language in an attempt to deny coverage.

Fourth, the plaintiff sought to benefit herself primarily in this action. While the outcome

may positively affect other insureds, this factor weighs against an award of attorney fees.

Fifth, as mentioned above, the Court found that the defendant abused its discretion. While the defendant's position was not irrational, it was unreasonable and thus supports the award of attorney fees in this case.

In addition, the remedial purposes of ERISA are served by awarding attorney fees in this case because the plaintiff would have no recourse without an attorney willing to take up her cause. The Court therefore determines that attorney fees are appropriate in this action.

Next, the defendant challenges some of plaintiff counsel's specific charges. The defendant asserts that the plaintiff should have filed this action in federal court and therefore that fees related to the moving of the case from state to federal court are unnecessary. ERISA, however, vests state and federal courts with concurrent jurisdiction of actions like this in which a participant seeks to recover benefits due under the terms of a plan. See 29 U.S.C. § 1132(e)(1). The plaintiff, therefore, had the right to bring this action in state court and time related to moving this case from state to federal court is proper.

The defendant also alleges that plaintiff's counsel drafted and served discovery requests which went well beyond the permissible scope of discovery in ERISA actions. The Court agrees that the plaintiff's attempt to obtain discovery of evidence that was not before the plan administrator resulted in extra time being used to resolve issues related to the proposed entry of a protective order and establishing the permissible scope of discovery in this case. Though it is difficult to discern exactly how much time counsel spent seeking this discovery, the Court determines that approximately 12 hours were involved. The Court therefore subtracts 12 hours from plaintiff counsel's total hours for time spent on this issue.

3

The Court finds that 89.10 hours at $150.00 per hour plus $135.00 in costs is a reasonable charge for the services rendered by plaintiff's counsel. The Court therefore awards the plaintiff $13,500.00 in total attorney fees and costs.

**AND IT IS SO ORDERED**.

*C. Weston Houck*
_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 12, 2005
Charleston, South Carolina